# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
TONY MAFES,

                       Plaintiff,

   -against-

WHITE CASTLE SYSTEM, INC. and
INGRAM FAMILY LIMITED PARTNERSHIP,

                       Defendants.
-----------------------------------------------------------------X

Index No.:
Date Purchased:

Plaintiff Designates
Bronx County as
the place of trial

The basis of the venue:
Location of Occurrence

**SUMMONS**

To the above named Defendants:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Bronx, New York
       September 24, 2020

                          KRIEGER, WILANSKY & HUPART, ESQS.
                          Attorneys for Plaintiff

                          By: _____
                          Brett R. Hupart
                          5602 Broadway
                          Bronx, New York 10463
                          (718) 432-0500

To:   WHITE CASTLE SYSTEM, INC.
       2701 Boston Road
       Bronx, New York 10467
       <u>And</u> c/o Secretary of State of New York

       INGRAM FAMILY LIMITED PARTNERSHIP
       2701 Boston Road
       Bronx, New York 10467
       <u>And</u> c/o Secretary of State of New York

FILED: BRONX COUNTY CLERK 09/25/2020 12:21 PM                INDEX NO. 30890/2020E
NYSCEF DOC. NO. 1                                              RECEIVED NYSCEF: 09/25/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
TONY MAFES,                                    Index No.:

                              Plaintiff,      **COMPLAINT**

      -against-

WHITE CASTLE SYSTEM, INC. and
INGRAM FAMILY LIMITED PARTNERSHIP,

                            Defendants.
-----------------------------------------------------------------X

      Plaintiff, by his attorneys, KRIEGER, WILANSKY & HUPART, ESQS., complaining of the defendants, respectfully alleges the following upon information and belief:

      1.    That the events giving rise to the subject claim occurred in the County of Bronx, City and State of New York.

      2.    That plaintiff, TONY MAFES, is a resident of the County of Bronx, City and State of New York.

      3.    That defendant, WHITE CASTLE SYSTEM, INC., is a resident of the State of Ohio.

      4.    That defendant, INGRAM FAMILY LIMITED PARTNERSHIP, is a resident of the State of Ohio.

      5.    That at all times hereinafter mentioned, defendant, WHITE CASTLE SYSTEM, INC., was, and still is, a domestic corporation duly organized and existing under, and by virtue of, the laws of the State of New York.

      6.    That at all times hereinafter mentioned, defendant, WHITE CASTLE SYSTEM, INC., was, and still is, a foreign corporation conducting business in the State of New York.

      7.    That at all times hereinafter mentioned, defendant, WHITE CASTLE SYSTEM, INC., was, and still is, an entity conducting business in the State of New York.

FILED: BRONX COUNTY CLERK 09/25/2020 12:21 PM
NYSCEF DOC. NO. 1

INDEX NO. 30890/2020E
RECEIVED NYSCEF: 09/25/2020

8. That at all times hereinafter mentioned, defendant, INGRAM FAMILY LIMITED PARTNERSHIP, was, and still is, a domestic limited partnership duly organized and existing under, and by virtue of, the laws of the State of New York.

9. That at all times hereinafter mentioned, defendant, INGRAM FAMILY LIMITED PARTNERSHIP, was, and still is, a foreign limited partnership conducting business in the State of New York.

10. That at all times hereinafter mentioned, defendant, INGRAM FAMILY LIMITED PARTNERSHIP, was, and still is, an entity conducting business in the State of New York.

11. That at all times hereinafter mentioned, WHITE CASTLE SYSTEM, INC., owned the premises at 2701 Boston Road, in the County of Bronx, City and State of New York.

12. That at all times hereinafter mentioned, WHITE CASTLE SYSTEM, INC., leased the premises at 2701 Boston Road, in the County of Bronx, City and State of New York.

13. That at all times hereinafter mentioned, WHITE CASTLE SYSTEM, INC., operated the premises at 2701 Boston Road, in the County of Bronx, City and State of New York.

14. That at all times hereinafter mentioned, WHITE CASTLE SYSTEM, INC., maintained the premises at 2701 Boston Road, in the County of Bronx, City and State of New York.

15. That at all times hereinafter mentioned, WHITE CASTLE SYSTEM, INC., managed the premises at 2701 Boston Road, in the County of Bronx, City and State of New York.

16. That at all times hereinafter mentioned, WHITE CASTLE SYSTEM, INC., controlled the premises at 2701 Boston Road, in the County of Bronx, City and State of New York.

17. That at all times hereinafter mentioned, and for some time prior thereto, defendant, WHITE CASTLE SYSTEM, INC., reserved to itself, its servants, agents, employees and contractors, the ownership, lease, operation, maintenance, management, and control, of the premises located at 2701 Boston Road, in the County of Bronx, City and State of New York and hired agents, servants, employees, contractors and others to fulfill its obligations of ownership, lease, operation, maintenance, management, and control of said premises.

18. That at all times hereinafter mentioned, WHITE CASTLE SYSTEM, INC., owned a restaurant and/or fast food establishment at the premises located at 2701 Boston Road, in the County of Bronx, City and State of New York.

19. That at all times hereinafter mentioned, WHITE CASTLE SYSTEM, INC., operated a restaurant and/or fast food establishment at the premises located at 2701 Boston Road, in the County of Bronx, City and State of New York.

20. That at all times hereinafter mentioned, WHITE CASTLE SYSTEM, INC., maintained a restaurant and/or fast food establishment at the premises located at 2701 Boston Road, in the County of Bronx, City and State of New York.

21. That at all times hereinafter mentioned, WHITE CASTLE SYSTEM, INC., managed a restaurant and/or fast food establishment at the premises located at 2701 Boston Road, in the County of Bronx, City and State of New York.

22. That at all times hereinafter mentioned, WHITE CASTLE SYSTEM, INC., controlled a restaurant and/or fast food establishment at the premises located at 2701 Boston Road, in the County of Bronx, City and State of New York.

23. At all times herein mentioned and for some time prior thereto, defendant, WHITE CASTLE SYSTEM, INC., reserved to itself, its servants, agents, employees and contractors, the ownership, operation, maintenance, management, and control of the restaurant and/or fast food

establishment at the premises located at 2701 Boston Road, in the County of Bronx, City and State of New York and hired agents, servants, employees, contractors and others to fulfill its obligations of ownership, operation, maintenance, management and control of said restaurant and/or fast food establishment.

24. That at all times hereinafter mentioned, INGRAM FAMILY LIMITED PARTNERSHIP, owned the premises at 2701 Boston Road, in the County of Bronx, City and State of New York.

25. That at all times hereinafter mentioned, INGRAM FAMILY LIMITED PARTNERSHIP, operated the premises at 2701 Boston Road, in the County of Bronx, City and State of New York.

26. That at all times hereinafter mentioned, INGRAM FAMILY LIMITED PARTNERSHIP, maintained the premises at 2701 Boston Road, in the County of Bronx, City and State of New York.

27. That at all times hereinafter mentioned, INGRAM FAMILY LIMITED PARTNERSHIP, managed the premises at 2701 Boston Road, in the County of Bronx, City and State of New York.

28. That at all times hereinafter mentioned, INGRAM FAMILY LIMITED PARTNERSHIP, controlled the premises at 2701 Boston Road, in the County of Bronx, City and State of New York.

29. That at all times hereinafter mentioned, and for some time prior thereto, defendant, INGRAM FAMILY LIMITED PARTNERSHIP, reserved to itself, its servants, agents, employees and contractors, the ownership, operation, maintenance, management, and control, of the premises located at 2701 Boston Road, in the County of Bronx, City and State of

New York and hired agents, servants, employees, contractors and others to fulfill its obligations of ownership, operation, maintenance, management, and control of said premises.

30. That at all times hereinafter mentioned, INGRAM FAMILY LIMITED PARTNERSHIP, owned a restaurant and/or fast food establishment at the premises located at 2701 Boston Road, in the County of Bronx, City and State of New York.

31. That at all times hereinafter mentioned, INGRAM FAMILY LIMITED PARTNERSHIP, operated a restaurant and/or fast food establishment at the premises located at 2701 Boston Road, in the County of Bronx, City and State of New York.

32. That at all times hereinafter mentioned, INGRAM FAMILY LIMITED PARTNERSHIP, maintained a restaurant and/or fast food establishment at the premises located at 2701 Boston Road, in the County of Bronx, City and State of New York.

33. That at all times hereinafter mentioned, INGRAM FAMILY LIMITED PARTNERSHIP, managed a restaurant and/or fast food establishment at the premises located at 2701 Boston Road, in the County of Bronx, City and State of New York.

34. That at all times hereinafter mentioned, INGRAM FAMILY LIMITED PARTNERSHIP, controlled a restaurant and/or fast food establishment at the premises located at 2701 Boston Road, in the County of Bronx, City and State of New York.

35. At all times herein mentioned and for some time prior thereto, defendant, INGRAM FAMILY LIMITED PARTNERSHIP, reserved to itself, its servants, agents, employees and contractors, the ownership, operation, maintenance, management, and control of the restaurant and/or fast food establishment at the premises located at 2701 Boston Road, in the County of Bronx, City and State of New York and hired agents, servants, employees, contractors and others to fulfill its obligations of ownership, operation, maintenance, management and control of said restaurant and/or fast food establishment.

36. That at all times hereinafter mentioned, the restaurant and/or fast food establishment located at 2701 Boston Road, in the County of Bronx, City and State of New York was known as "White Castle".

37. That on September 26, 2017, plaintiff, TONY MAFES, was lawfully present in the aforesaid premises.

38. That on September 26, 2017, plaintiff, TONY MAFES, was a customer of the aforesaid restaurant and/or fast food establishment.

39. That on September 26, 2017, while plaintiff, TONY MAFES, was lawfully inside the aforesaid premises and restaurant and/or fast food establishment, he was caused to sustain serious injuries.

40. That on September 26, 2017, while plaintiff, TONY MAFES, was lawfully inside the aforesaid premises and restaurant and/or fast food establishment, he was caused to be burned, sustaining serious injuries.

41. That on September 26, 2017, while plaintiff, TONY MAFES, was lawfully inside the aforesaid premises and restaurant and/or fast food establishment, he was caused to fall, sustaining serious injuries.

42. That on September 26, 2017, while plaintiff, TONY MAFES, was lawfully inside the aforesaid premises and restaurant and/or fast food establishment, he was burned causing him to fall, sustaining serious injuries.

43. That the aforesaid occurrence was due solely to the carelessness, recklessness and negligence of the defendants.

44. That the defendants, their agents, servants and/or employees, were careless, reckless, and negligent in the ownership, operation, maintenance, management, and control of said premises and/or restaurant and/or fast food establishment; defendants' employee carelessly

propelled a cup of hot tea or other hot beverage across the counter causing it to spill and burn the plaintiff; defendants' employee failed to properly affix and/or place a lid on top of the cup of hot tea or other hot beverage causing it to spill and burn the plaintiff; in serving a hot beverage in a negligent manner; in delivering a hot beverage in a negligent manner; defendants excessively heated the tea or other beverage; defendants overheated the tea or other beverage; defendants failed to properly regulate the temperature of its tea and other hot beverages to prevent customers, this plaintiff in particular, from suffering burns and/or injury; that the tea and/or other hot beverage was excessively, unreasonably and dangerously hot; that the cup was not properly closed; in failing to remedy the said conditions in sufficient time to avoid the occurrence herein; in failing to promulgate proper procedures regarding serving hot beverages; in failing to promulgate proper procedures regarding heating beverages; in failing to promulgate proper procedures regarding closing the cups of hot beverages; in failing to promulgate proper procedures regarding regulating the temperature of hot beverages; in failing to ensure that the cover of the tea or other hot beverage was properly affixed; in failing to ensure that the cup of tea or other hot beverage was securely closed; in failing to manage, timely manage and/or properly manage the operation of the restaurant and/or fast food establishment; in failing to inspect, timely inspect and/or properly inspect the operation of the restaurant and/or fast food establishment; in knowingly permitting said dangerous and hazardous conditions to remain; in causing, permitting and/or allowing the tea or other hot beverage to be, become and remain in a dangerous and extremely high temperature; in failing to have properly trained its employees to serve tea and other hot beverages to customers/patrons; in failing to have properly trained its employees to close and/or affix lids onto tea and other hot beverages; in failing to have properly trained its employees to heat tea and other beverages; in failing to use due and required care, caution and forbearance in the ownership, operation, maintenance management, and control of the premises so as to have

FILED: BRONX COUNTY CLERK 09/25/2020 12:21 PM                INDEX NO. 30890/2020E
NYSCEF DOC. NO. 1                                            RECEIVED NYSCEF: 09/25/2020

avoided this incident and the injuries to plaintiff; in failing to use due and required care, caution and forbearance in the ownership, operation, maintenance management, and control of the restaurant and/or food establishment so as to have avoided this incident and the injuries to plaintiff; and in that the defendants, their agents, servants and/or employees were otherwise careless, reckless and negligent.

45. That the foregoing occurrence was caused solely and wholly as a result of the negligence, carelessness and recklessness of the defendants, without any fault or negligence on the part of the plaintiff contributing thereto.

46. That by reason of the foregoing, plaintiff became injured, lame, and disabled; that he sustained severe injuries to various parts of his body; that he suffered, suffers, and will continue to suffer, great pain and anguish in body and mind; that he received necessary hospital attention and medical care by reason of the injuries sustained, and for which expenses have, are, and will, continue to be incurred; that he has been unable to return to his usual duties, vocations and avocations as he had theretofore done; that his injuries are permanent, protracted, and disabling in nature; and that he has otherwise suffered damage.

47. This action falls within one or more exceptions set forth in CPLR § 1602.

48. Therefore, based on the foregoing, plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction herein, and that exceeds the jurisdictional minimum of all other courts that may have jurisdiction over this matter, including federal courts.

WHEREFORE, plaintiff, TONY MAFES, demands judgment against the defendants, WHITE CASTLE SYSTEM, INC. and INGRAM FAMILY LIMITED PARTNERSHIP in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have

FILED: BRONX COUNTY CLERK 09/25/2020 12:21 PM                INDEX NO. 30890/2020E
NYSCEF DOC. NO. 1                                            RECEIVED NYSCEF: 09/25/2020

jurisdiction herein, and that exceeds the jurisdictional minimum of all other courts that may have jurisdiction over this matter, including federal courts.

Dated: Bronx, New York
      September 24, 2020

                                          KRIEGER, WILANSKY & HUPART, ESQS.
                                          Attorneys for Plaintiff

                                          By: _____
                                                 Brett R. Hupart
                                          5602 Broadway
                                          Bronx, New York 10463
                                          (718) 432-0500

FILED: BRONX COUNTY CLERK 09/25/2020 12:21 PM                INDEX NO. 30890/2020E

## VERIFICATION BY AFFIDAVIT

STATE OF NEW YORK )
                  ) ss:
COUNTY OF Bronx   )

Tony Mates, being duly sworn deposes and says:

I am a Plaintiff in the action herein: I have read the foregoing Summons & Complaint and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my personal files.

Dated: Bronx, New York
September 24, 2020

X _____

Subscribed and sworn to before me
this 24th day of September, 2020

_____
NOTARY PUBLIC

MICHELLE P. LOPEZ
Notary Public, State of New York
No. 01LO6069406
Qualified in Bronx County
Commission Expires February 4, 2022